UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LEONARD, | No. 2:15-cv-2097 JAM KJN P |
| Petitioner, | |
| v. | ORDER |
| R.L. GOWER, | |
| Respondent. | |

Petitioner is a state prisoner, proceeding pro se, with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2013 conviction. Respondent moved to dismiss the petition for failure to exhaust state remedies. Petitioner seeks an extension of time in which to file a responsive pleading, and appointment of counsel.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondents' counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before

////

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

1

presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

The state court has had an opportunity to rule on the merits when the petitioner has fairly presented the claim to that court.  The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based.  Picard, 404 U.S. at 277-78.  Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made."  Anderson v. Harless, 459 U.S. 4, 6 (1982).  Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.  If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365 (1995).  Accordingly, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief."  Gray v. Netherland, 518 U.S. 152, 116 S. Ct. 2074, 2081 (1996).  The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised.  Rose v. Lundy, 455 U.S. 509 (1982).  A mixed petition containing both exhausted and unexhausted claims must be dismissed.

Petitioner raises two claims in his petition:

> 1. The trial court abused its discretion and violated his Fourteenth Amendment right to due process and a fair trial by allowing him to be impeached by six prior misdemeanor convictions as well as six prior felony convictions including two involving force or violence. Additionally, petitioner's trial counsel's assistance was ineffective for failing to object.
>
> 2. Petitioner's trial counsel's assistance was ineffective for failing to present evidence through cross-examination of Kirkegaard and/or defense expert testimony of the meaning and the extent of impairment associated with Kirkegaard's level of intoxication.

(ECF No. 1 at 5, 7, 85-86.)  However, as noted by respondent, in his petition, petitioner also references exhibits that raise additional claims not exhausted in the California Supreme Court.

2

1  (See, e.g., ECF No. 1 at 67-81; 123-26 (Ex. C, E).)  In his request for extension of time, petitioner
2  appears to claim that the only reason unexhausted claims were mentioned in his filing was to fully
3  answer the questions in the federal habeas form.  It appears that petitioner seeks to pursue only
4  the two claims raised in his petition for review in the California Supreme Court, which are
5  exhausted.  However, because there are consequences to petitioner choosing to solely pursue such
6  two claims, petitioner must confirm his choice.  Petitioner is cautioned that if he chooses to
7  proceed on an amended petition raising only the two exhausted claims he will risk forfeiting
8  consideration of the unexhausted claims in this or any other federal court.  See McCleskey v.
9  Zant, 499 U.S. 467 (1991); see also Rose, 455 U.S. at 520-21; Rule 9(b), Rules Governing
10 Section 2254 Cases.
11         If petitioner intends to pursue only these two exhausted claims, he is granted leave to file a
12 statement of nonopposition to respondent's motion to dismiss, accompanied by an amended
13 petition clearly raising only those two claims.  Petitioner need not append any exhibits to the
14 amended petition, but must clearly identify the two claims in the grounds portion of the amended
15 petition, without simply referencing an attachment.
16         In the alternative, petitioner may choose to oppose the motion to dismiss and seek a stay
17 of the instant petition so that he may return to state court and exhaust the unexhausted claims in
18 state court.  There are two ways in which a petitioner may seek to stay the consideration of a
19 federal petition pending exhaustion of state court remedies.
20         First, a district court may stay a mixed petition if the following conditions are met:  (1)
21 "the petitioner had good cause for his failure to exhaust," (2) "his unexhausted claims are
22 potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally
23 dilatory litigation tactics."  Rhines v. Weber, 544 U.S. 269, 278 (2005) ("Rhines").  The Supreme
24 Court has made clear that this option "should be available only in limited circumstances."  Id. at
25 277.  Moreover, a stay that is granted pursuant to Rhines may not be indefinite; reasonable time
26 limits must be imposed on a petitioner's return to state court.  Id. at 277-78.
27 ////
28 ////

3

In early 2014, the Ninth Circuit addressed the issue of good cause under <u>Rhines</u>:

> There is little authority on what constitutes good cause to excuse a petitioner's failure to exhaust. In <u>Rhines</u>, the Supreme Court did not explain the standard with precision. <u>See</u> 544 U.S. at 275-78. . . . The Court has since addressed the meaning of good cause in only one other case, recognizing in dicta that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' " to excuse his failure to exhaust. <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 416, 125 S. Ct. 1807, 161 L.Ed.2d 669 (2005) (citing <u>Rhines</u>, 544 U.S. at 278. . . ).
>
> Similarly, our cases on the meaning of good cause under <u>Rhines</u> are also sparse. In <u>Jackson v. Roe</u>, 425 F.3d 654 (9th Cir. 2005), we held that good cause does not require a showing of "extraordinary circumstances." <u>Id.</u> at 661-62. In <u>Wooten v. Kirkland</u>, 540 F.3d 1019 (9th Cir. 2008), we held that a petitioner did not establish good cause simply by alleging that he was "under the impression" that his claim was exhausted. <u>Id.</u> at 1024. We explained that accepting as good cause the mere "lack of knowledge" that a claim was exhausted "would render stay-and-abey orders routine" because "virtually every habeas petitioner" represented by counsel could assert that he was unaware of his attorney's failure to exhaust. <u>Id.</u>

<u>Blake v. Baker</u>, 745 F.3d 977, 981-82 (9th Cir. 2014). "An assertion of good cause without evidentiary support will not typically amount to a reasonable excuse justifying a petitioner's failure to exhaust." <u>Id.</u> at 982. The Ninth Circuit concluded that the <u>Rhines</u> standard for cause based on ineffective assistance of counsel "cannot be any more demanding" than the cause standard required to excuse the procedural default of a habeas claim, as set forth in <u>Martinez v. Ryan</u>, 132 S. Ct. 1309 (2012). <u>Blake</u>, 745 F.3d at 983-84.

A second procedure, known as the "<u>Kelly</u> procedure," outlined in <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003), has been described by the Ninth Circuit Court of Appeals to involve the following three-step process: "(1) petitioner amends his petition to delete any unexhausted claims, (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims, and (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." <u>King v. Ryan</u>, 564 F.3d 1133, 1135 (9th Cir. 2009). The <u>Kelly</u> procedure is riskier than the Rhines procedure because it does not protect a petitioner's unexhausted claims from

////

1  expiring during a stay and becoming time-barred under the one year statute of limitations. See
2  King, 564 F.3d at 1140-41.
3      Accordingly, petitioner must notify the court how he wishes to proceed.  Petitioner may
4  file a statement of nonopposition to respondent's motion to dismiss, accompanied by an amended
5  petition reciting only the two exhausted claims he seeks to pursue, without attaching exhibits.  Or,
6  petitioner may choose to oppose the motion to dismiss and file a motion to stay this action so that
7  he may return to state court and exhaust his state court remedies as to those unexhausted claims
8  listed in the exhibits appended to the instant petition.  If petitioner chooses to seek a stay, he must
9  identify whether he seeks a stay under Rhines or Kelly, and must provide specific facts to support
10  such motion.  Petitioner is granted thirty days to comply with this order.[2]
11      Finally, petitioner requested the appointment of counsel.  There currently exists no
12  absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d
13  453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at
14  any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing
15  § 2254 Cases.  In the present case, the court does not find that the interests of justice would be
16  served by the appointment of counsel at the present time.
17      In accordance with the above, IT IS HEREBY ORDERED that:
18      1.  Petitioner's request for extension of time (ECF No. 18) is partially granted;
19      2.  Petitioner is granted thirty days from the date of this order in which to choose from the
20  following options:
21      a.  File a statement of nonopposition to respondent's motion to dismiss,
22  accompanied by an amended petition raising only his two exhausted claims; or
23      b.  File an opposition to respondent's motion to dismiss, accompanied by a motion
24  for stay, as set forth above.

---

[2] Petitioner is further cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).

5

3. Petitioner's motion for appointment of counsel (ECF no. 18) is denied without prejudice; and

4. The Clerk of the Court is directed to send petitioner the court's form for filing a petition for writ of habeas corpus, and the application to proceed in forma pauperis by a prisoner. Failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

Dated:  March 24, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/leon2097.103fb